## NEW YORK COMMON PLEAS.

### THOMPSON agt. GRUBER.

A plaintiff cannot maintain an action in his own name for goods sold by his predecessor who has since died, although the plaintiff had a full power of attorney to transact any business connected with the business of the decedent. Upon the death of the principal, the power of attorney and agency of the plaintiff *ceased*.

*General Term, August*, 1861.
DALY, BRADY *and* HILTON, *Judges.*
APPEAL from judgment at special term.

By the court, BRADY, J. The plaintiff styles himself in his business as the " Waterbury Brass Agency," a designation assumed for the purpose of disposing of the goods of several corporations who entrust him with the sale of them. He was preceded by Alexander Anderson, who is now dead, but who, during his lifetime, made him his attorney " for the transaction of any business connected with the Waterbury Brass Agency." During the life of Anderson, and while he carried on the business of the agency, the defendant purchased some goods from him, and to recover there-

for this action was brought.    The complaint was dismissed, these facts appearing, and upon the ground that the plaintiff could not maintain an action in his own name for goods sold by his predecessor.    The ruling of the court below was correct.    Whether Anderson, as the trustee of an express trust, could, under the Code, maintain an action in his own name, to recover for the goods sold by him, cannot be inquired into in this case.    Upon his death the agency ceased, and the trust as to him no longer existed.    The only person then in whose name this action could be maintained, was the principal for whom the goods were sold. The power of attorney given in evidence does not affect this conclusion in any manner.    It had no vitality after the death of Anderson.    The plaintiff could not act as the attorney of a decedent—the trust was not a continuing one, which was capable of being transferred, and if the sale was one personal to Anderson, then his representatives only could maintain the action.

The judgment must be affirmed.